IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DAMIEAN DEVON TOLSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:12-cv-00094 |
| v. ) | Senior Judge Haynes |
| ) | |
| TONY HOWERTON, Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

Petitioner, Damiean Devon Tolson, a state prisoner, filed this pro se action under 28 U.S.C. § 2254 seeking the writ of habeas corpus to set aside his conviction for first-degree murder for which he was sentenced to life imprisonment. After Respondent moved for summary judgment, the Court appointed counsel to represent Petitioner and an amended petition was filed on April 29, 2014 that incorporated the claims in Petitioner's pro se petition. (Docket Entry No. 40). Petitioner's claims in the amended petition are[1]: (1) that the State's proof was insufficient for his conviction; (2) ineffective assistance of counsel for his counsel's failure to argue that the State did not meet it's burden of proof; and (3) that police officers violated his Sixth Amendment right to counsel by failing to inform Petitioner that he had been indicted until after he waived his rights and gave a statement. In his answer (Docket Entry No. 9), Respondent asserts that Petitioner's claims are time barred and procedurally defaulted and that Petitioner's claims are inadequately pleaded or lack merit.

---

[1] Rule 15 of the Federal Rules of Civil Procedure applies to a habeas proceeding. Mayle v. Felix, 545 U.S. 644, 649 (2005); Rule 6(a), Rules Governing Section 2254 Cases. Under Fed. R. Civ. P. 15 (a), the filing of an amended complaint supersedes the prior complaint. Clark v. Tarrant Cnty., 798 F.2d 736, 740-41 (5th Cir. 1986). Thus, the Court deems the amended petition to supersede the pro se petition and the claims therein. Unless adopted and supported by legal memorandum, the Court deems the claims in the pro se petition to be waived.

In his amended petition (Docket Entry No. 40), Petitioner invokes the doctrine of equitable tolling citing Petitioner's post-conviction counsel's failure to inform him of the Tennessee Supreme Court's denial of his application for permission to appeal, his placement in "close custody" for eighteen months preceding the filing of this action, and his mental incapacity. Petitioner also argues his petition raises a claim of actual innocence. Petitioner notes that he intends to proceed on the claims raised in his pro se petition, and that his claims are sufficiently pleaded. In response (Docket Entry No. 42), Respondent relies on his answer and argues that Petitioner has not presented a sufficient basis for equitable tolling or a showing or actual innocence.

## A. Procedural History

On January 26, 2005, a Lawrence County Circuit Court jury convicted Petitioner of first-degree murder for which Petitioner was sentenced to life imprisonment. On appeal, the Tennessee Court of Criminal Appeals affirmed Petitioner's conviction and sentence. State v. Tolson, No. M2005-01085-CCA-R3-CD, 2006 WL 3831234 (Tenn. Crim. App. Dec. 28, 2006), perm. to appeal denied (Tenn. Apr. 16, 2007). On April 16, 2007, the Tennessee Supreme Court denied Petitioner's application for permission to appeal. Id.

On April 15, 2008, Petitioner filed a state post-conviction petition for which the state trial court appointed counsel. Tolson v. State, No. M2009-00724-CCA-R3-PC, 2010 WL 2977893, at *6 (Tenn. Crim. App. July 29, 2010), perm. to appeal denied (Tenn. Jan. 14, 2011). After an evidentiary hearing, the state trial court denied the petition and on appeal, the Tennessee Court of Criminal Appeals affirmed. Id. at *1. On January 14, 2011, the Tennessee Supreme Court denied the Petitioner's subsequent application for permission to appeal. Id.

On August 3, 2012, Petitioner filed his pro se petition in this action. Petitioner amended his petition on April 29, 2014. (Docket Entry No. 40).

## B. The Statute of Limitations Defense

The Court addresses first the Respondent's timeliness challenge that could render consideration of Petitioner's substantive claims moot. Respondent contends that Petitioner's petition is time barred because it was filed more than fifteen months after the one year limitations period expired.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") set a one year limitations period for habeas corpus actions. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1), a person convicted in state court has one year from the time the conviction becomes final on direct appeal to file a federal petition. In Lindh v. Murphy, 521 U.S. 32 (1997), the Supreme Court held that the AEDPA was to be applied prospectively, i.e., beginning after April 24, 1996. Where a federal habeas action is stayed pending exhaustion of state court remedies, the federal limitations period is tolled. Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). Aside from the "stay and abeyance" rule, the federal limitations period can be equitably tolled under the Court's equitable jurisdiction. Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005).

In addition, under 28 U.S.C. § 2244(d)(2), the "time <u>during which a properly filed application for State post-conviction</u> or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection." Id. (emphasis added). "The [statutory] tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of

3

limitations." Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003) (quoting Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)). "[A]n application for post-conviction relief is 'properly filed' within the meaning of § 2244(d)(2) 'when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, . . . the time limits upon its delivery.'" Id. at 603 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)).

On April 16, 2007, the Tennessee Supreme Court denied Petitioner's application for permission to appeal on Petitioner's direct appeal. Under § 2244(d)(1)(A), Petitioner's state court conviction "became final" on July 15, 2007, upon conclusion of his direct appeal and the expiration of ninety days to seek the writ of certiorari in the United States Supreme Court. See Clay v. United States, 537 U.S. 522, 527-28 (2003). The federal habeas statute of limitations commenced on July 16, 2007, and would expire on July 15, 2008. See Bronaugh v. Ohio, 235 F.3d 280, 285 (6th Cir. 2000).

Yet, the one-year period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, the Petitioner filed his state post-conviction petition and the federal limitations period tolled on April 15, 2008—275 days after the statute of limitations commenced. Petitioner's appeal of his state post-conviction petition was determined on January 14, 2011, when the Tennessee Supreme Court denied his application for permission to appeal. Petitioner filed this federal action on August 3, 2012, more than 15 months after the remaining 90 days under the federal habeas statute of limitations elapsed.

Because Petitioner's pro se petition was untimely, Petitioner must show that he is entitled to equitable tolling. Equitable tolling is invoked where the petitioner pursued his rights diligently

4

and an extraordinary circumstance barred the timely filing of the habeas action. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling is a judicial doctrine that extends to federal habeas actions. Souter v. Jones, 395 F.3d 577, 598 (6th Cir. 2005). Yet, the tolling doctrine is invoked only in "rare" and "exceptional circumstances." Thomas v. Smith, 49 F. App'x 576, 578 (6th Cir. 2002). As the Sixth Circuit noted:

> Equitable tolling allows courts to review time-barred *habeas* petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" Robinson v. Easterling, 424 Fed.Appx. 439, 442 (6th Cir. 2011) (quoting Robertson v. Simpson, 624 F.3d 781, 783 (6th Cir. 2010)). Both ineffective assistance of counsel and "a substantial, involuntary delay in learning about the status of their appeals" may constitute extraordinary circumstances sufficient to warrant relief. See id. Despite the presence of such circumstances, the statute of limitations will only be tolled if the circumstances were both beyond the control of the litigant and unavoidable with reasonable diligence. Id. Thus, to demonstrate that he is entitled to equitable tolling, a *habeas* petitioner must establish: (1) that he has diligently pursued his rights; and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (internal quotation marks omitted); see also Hall v. Warden, 662 F.3d 745, 749 (6th Cir. 2011). Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." Ata v. Scutt, 662 F.3d 736, 741 (6th Cir. 2011).

Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 462 (6th Cir. 2012).

A petitioner's mental incompetence or incapacity that prevents a timely federal habeas petition "is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations." Ata v. Scutt, 662 F.3d 736, 742 (6th Cir. 2011). Thus, "[t]o obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." Id. Yet, "a blanket assertion of mental incompetence is

5

insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." Id.

As grounds for equitable tolling, Petitioner asserts that his post-conviction attorney failed to send him the Tennessee Supreme Court decision denying his application for permission to appeal his state post-conviction petition, that he was "on close custody" for 18 months prior to filing this action, and that he has a low education level, mental capacity, and I.Q. score. (Docket Entry No. 40 at 10-11).

On January 14, 2011, the Tennessee Supreme Court denied Petitioner's application for permission to appeal his state post-conviction petition. Generally, the statute of limitations would re-commence on January 15, 2011, and expire after the remaining 90 days of the one-year period. Yet, Petitioner alleges that his post-conviction attorney failed to send him a copy of this decision, despite sending repeated letters and requests. (Docket Entry No. 40 at 10). Petitioner alleges that he "finally wrote the Supreme [C]ourt clerk and they sent me the decision in the mail" about January 2012.[2] (Docket Entry No. 2 at 4). Petitioner's allegations that he repeatedly attempted to contact his post-conviction attorney provide some evidence that he "diligently pursued his appellate rights," and "extraordinary circumstances may . . . exist when petitioners face a substantial, involuntary delay in learning about the status of their appeals." See Robinson v. Easterling, 424 F.App'x 439, 442 (6th

---

[2]The Court infers that Petitioner received the Tennessee Supreme Court decision in January 2012 based on the time-line that Petitioner provides regarding his stay in "close custody." Petitioner alleges that he was in close custody for the eighteen months preceding the filing of this action. (Docket Entry No. 40 at 11). Because Petitioner filed this action on August 3, 2012, the Court infers that his period of close custody began in February 2011. Petitioner alleges that he received the decision in the "12th month of [his] 18 month close custody program," or January 2012. (Docket Entry No. 2 at 4).

6

Cir. 2011) (quoting Miller v. Collins, 305 F.3d 491, 495-96 (6th Cir. 2002)). Yet, even if the statute of limitations were tolled until January 2012, this action should still be dismissed as untimely.

Petitioner alleges that he was on close custody for 18 months prior to filing this action, or February 2011 through July 2012. (Docket Entry No. 40 at 11). Petitioner was in close custody when he learned of the Tennessee Supreme Court decision in January 2012. According to the Petitioner, close custody consisted of "23 hour lockdown" and restricted access to "the necessary legal supplies needed to submit A habeas in A correct and timely manner." (Docket Entry No. 2 at 4). Petitioner alleges that, while in close custody, "[i]t is next to impossible to get corrections officers to bring us all the legal material necessary to file the habeas." Id. Yet, "[t]he alleged denial of access to legal materials is not an exceptional circumstance warranting equitable tolling." Grayson v. Grayson, 185 F.Supp.2d 747, 751 (E.D. Mich. 2002) (citing Jones v. Gundy, 100 F.Supp.2d 485, 488 (W.D. Mich. 2000)); see also Bell v. State of Indiana, No. 5:14CV-P224-TBR, 2015 WL 852305, at *3 (W.D. Ky. Feb. 26, 2015) (collecting cases). Thus, the limitations period re-commenced, at the latest, when Petitioner learned of the Tennessee Supreme Court's decision in January 2012.

Petitioner also references his "tenth-grade education," "mental capacity of a junior-high student," and "I.Q. score of 76." (See Docket Entry No. 40 at 11). Petitioner does not provide any supporting documentation for his alleged mental conditions, nor does Petitioner attempt to explain how his alleged mental incompetence relates to a delay in filing this action. Because "a blanket assertion of mental incompetence" does not toll the statute of limitations, the Court concludes that Petitioner's reliance on these allegations lacks merit. See Ata, 662 F.3d at 742.

Additionally, Petitioner contends that he "made every effort to file his petition, which raises a claim of actual innocence." (Docket Entry No. 40 at 10). The Supreme Court has stated that a

7

"credible showing of actual innocence" may allow a petitioner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013). Yet, "tenable actual-innocence gateway pleas are rare." Id. at 1928. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). A petitioner must "'persuade the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt.'" McQuiggin, 133 S.Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Here, the Court concludes that Petitioner does not qualify for this equitable exception to the statute of limitations because Petitioner has not identified any new evidence to support a showing of actual innocence.

In sum, even if the limitations period were tolled until Petitioner learned of the Tennessee Supreme Court decision in January 2012, his close custody status did not warrant equitable tolling beyond that time. Petitioner also has not demonstrated that his mental incompetence was a basis for tolling the limitations period, and he has not identified any new evidence to support a showing of actual innocence. Because Petitioner filed this action more than 90 days after the limitations period re-commenced in January 2012, the Court concludes that this action should be dismissed as untimely under the federal statute of limitations for habeas actions.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of September, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge